**COMP**
**PATRICK W. KANG, ESQ.**
State Bar No.: 010381
**KYLE R. TATUM, ESQ.**
State Bar No.: 013264
**KANG & ASSOCIATES, PLLC.**
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN GOMEZ, an individual, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| BRADY LINEN SERVICES, LLC., a Nevada Limited Liability Corporation, and DOES I-X and ROE CORPORATIONS I-X, inclusive, | JURY TRIAL REQUESTED |
| Defendants. | |

COMES NOW, Plaintiff, CARMEN GOMEZ, by and through undersigned counsel, and complains, alleges and avers as follows:

## JURSIDICTION AND VENUE

1.     This is a civil complaint brought in United States District Court under Federal and State statutes prohibiting discrimination in order to secure protection and redress deprivation of rights under these laws.

2.     Plaintiff's statutory claims arise under including but not limited to Title VII of the Civil Rights Acts of 1964 ("Title VII"), as amended, 42 U.S.C. Section 2000e-2 et seq. The jurisdiction of this Court is invoked under 28 U.S.C. s 1331.

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 89146

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 89146

3.      This action also includes claims arising out of Nevada anti-discrimination statutes, N.R.S. Section 613.310 et seq., which are joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. Section 1367(a).  Plaintiff asserts she was harassed, treated differently, subjected to hostile work environment, and wrongfully terminated and retaliated against due to her race and disability which is strictly prohibited by the Civil Rights Acts of 1964 ("Title VII") and The Americans with Disabilities Act of 1990 ("ADA").

4.      Jurisdiction in this case is also proper pursuant to N.R.S. Section 14.065.

5.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.      As Plaintiff's employer, during the relevant time period, Defendant, BRADY LINEN ("BRADY LINEN" or "Defendant") related business entities were operating within the County of Clark, State of Nevada; and were engaged in an industry affecting commerce.

7.      Plaintiff filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (attached hereto as **Exhibit A**).

8.      Plaintiff received a copy of her "Right to Sue" notice (for charge # 487-2014-00135) (hereto attached as **Exhibit B**) dated July 16, 2014.  In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of her receipt of the July 16, 2014 Right to Sue notice.

9.      Venue is proper in the District of Nevada pursuant to 28 U.S.C. Section 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

...

...

...

**PARTIES**

10.   Plaintiff, CARMEN GOMEZ, at all times relevant to this Complaint, is a resident of Clark County, Nevada and at all times herein was employed by the Defendant.

11.   Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended.   Defendant was engaged in an industry affecting commerce or in the production of goods for commerce.   Defendant is licensed to do business in Clark County, Nevada, and the unlawful employment practices stated below were committed within the State of Nevada.

12.   As an employer in Nevada, Defendant is required to comply with all state and federal statutes, which prohibit harassment, discrimination based on an individual's race and national origin.

13.   DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants.   The true identities of the DOE Defendants and ROE CORPORATIONS are unknown to Plaintiff at this time.   Plaintiff therefore alleges that DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for damages or injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or employees. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Plaintiff.

14.   At all times relevant hereto, Plaintiff was employed by Defendant who operates in Clark County, Nevada.

**GENERAL ALLEGATIONS**

15.   In or around August 2011, Plaintiff CARMEN GOMEZ ("Ms. Gomez") began her employment with Defendant, BRADY LINEN as a "Flat Worker."

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE.1
LAS VEGAS, NV 89146

16. Her rate of pay at the time of her termination was $11.28/hour (Eleven dollars and twenty-eight cents per hour).

17. Ms. Gomez has a disability in her right hand; she is missing fingers and has limited movement in that hand which limits one or more of her major life activities.

18. At the time of her initial interview Ms. Gomez notified the Defendant of the readily apparent disability in her hand and stated that it might have an effect on her work.

19. Upon information and belief, Ms. Gomez also wrote on her job application the existence of the disability.

20. In addition to the written and verbal notification of the disability, the Defendant was also placed on constructive notice of the disability due to the readily visible and apparent condition of Ms. Gomez' hand.

21. Despite her disability, Ms. Gomez indicated she would put in her best effort for the Defendant, and was assured by the Defendant at the time of her hiring that the disability would not be a problem and they would be willing to work with her.

22. Despite these assurances Ms. Gomez was subjected to discrimination, harassment and disparate treatment specifically due to her disability; this occurred throughout her employment with the Defendant.

23. Ms. Gomez' condition made it difficult for her to carry out certain job functions to the same level as other similarly situated non-disabled employees.

24. On or around July 2013, Ms. Gomez was given a verbal warning for failing to meet her required job expectations, namely her production rating was at 65%. **(Exhibit C-Verbal Warning)**.

25. When the verbal warning was issued by supervisor Jose Bojorquez, Ms. Gomez notified him that part of the difficulty in meeting expectations was related to her disability.

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 89146

26. Ms. Gomez assured Supervisor Bojorquez that she would do her best to improve; however she did request an accommodation that she be assigned lighter duty areas and specifically indicated that working with bed sheets and large towels were troublesome due to her condition.

27. Supervisor Bojorquez refused the accommodation and refused to engage in any other good faith interactive process to supply a reasonable accommodation.

28. Subsequently, Supervisor Bojorquez, in the next two week period issued a written warning, for the exact same conduct, despite the fact that her production rating improved to 71%.

29. Ms. Gomez repeated her request for an accommodation, and again indicated the difficulty she faced in meeting the expectations due to her disability; the written warning remained in effect. **(Exhibit D- First Written Warning)**.

30. A third and final warning was issued just two weeks later on August 12th, again by Supervisor Bojorquez, and again it was solely related to Ms. Gomez' failure to meet the production standard.

31. Ms. Gomez again repeated and pleaded with Supervisor Bojorquez that he grant some accommodation due to the difficulty she faced in meeting the same production standards of other similarly situated non-disabled employees; this was once again ignored. **(Exhibit E- Final Warning)**.

32. Sometime between July and August, Ms. Gomez, in addition to the requests already made, approached a supervisor named Elizabeth and asked to be placed in lighter work areas. Specifically, she requested that she not be required to work in the area handling bed sheets, as that was the most difficult area for Ms. Gomez, due to the limits from her hand.

33. Supervisor Elizabeth replied to Ms. Gomez that the request was unacceptable and she must work in every area, just like every other employee; no other accommodation or engagement in a good faith interactive process took place.

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 89146

34.  Finally, on August 30th, 2013 Ms. Gomez was terminated by Supervisor Bojorquez. This discipline was again for the same reason, Ms. Gomez failed to meet her production standards. **(Exhibit F- Termination)**.

35.  Upon information and belief, other similarly situated non-disabled employees working the same shift, with similar performance standards were not terminated.

36.  Upon information and belief, Ms. Gomez believes that she was subjected to disparate treatment in the workplace due to her disability.

37.  Upon information and belief Ms. Gomez believes the Defendant discriminated against her and violated the Americans with Disabilities Act by failing to provide a reasonable accommodation and engage in the good faith interactive process.

## FIRST CAUSE OF ACTION
### (DISABILITY DISCRIMINATION- ADA VIOLATION)

38.  Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 37 as though fully set forth herein.

39.  Defendants know or should have known of their obligation, pursuant to state and federal statutes, to maintain work places free of disability discrimination.

40.  Defendant failed to take reasonably adequate steps to prevent and correct discrimination based on disability in its workplace in Nevada.

41.  Ms. Gomez has a qualified disability under the ADA because Ms. Gomez has a physical impairment that substantially limits one or more of her major life activities.

42.  Ms. Gomez notified the Defendant of her condition prior to the termination of her employment in an effort to obtain a reasonable accommodation for the performance and completion of her major job duties.

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 89146

43.  Ms. Gomez therefore requested to engage in the interactive process in an effort to come to a resolution regarding her disability; the repeated requests were ignored and denied by the Defendant.

44.  Defendant subjected Ms. Gomez to disparate treatment by refusing to engage in the interactive process, thereby singling out Ms. Gomez because of her disability.

45.  Defendant, acting through and with its employees, acted egregiously by subjecting Ms. Gomez to an unfair and hostile work environment when they required her to work after she requested an accommodation that would allow her a fair opportunity to succeed in her employment.

46.  Ms. Gomez experienced and endured actual damages in an amount subject to proof at trial.

47.  Defendant's actions are intentional and done with willful disregard for the well-established and well-known legal rights of Ms. Gomez.

48.  Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (Retaliation 42 U.S.C.S. 4000e-3)

49.  Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 48 as though fully set forth herein.

50.  Federal law 42 U.S.C. section 2000e-3 specifically prohibits an employer from taking retaliatory action against an employee for attempting to invoke her rights under the Federal Discrimination Laws.

51.  Ms. Gomez expressed her concerns about the disparate treatment, the harassing conduct, unwarranted discipline, denial of accommodations and threatening statements that were made to her and not made to similarly situated non-disabled employees.

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 89146

52.   After receiving notice of Ms. Gomez's complaints, Defendant, its' supervisors, its' agents and its' employees engaged in discriminatory and retaliatory conduct by refusing to address Ms. Gomez's concerns and further subjecting her to the same harassing environment she had been exposed to prior to making the complaints.

53.   Defendant additionally refused to assist or comply with Ms. Gomez's request to engage in the interactive process with the Defendants. Subsequently, Ms. Gomez was threatened and ultimately discharged by her supervisor.

54.   Defendant's actions were intentional and done with willful disregard for the well-established and well-known rights of Ms. Gomez.

55.   Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

### THIRD CAUSE OF ACTION
### (DISCRIMINATION PURSUANT TO NRS 613.330, ET. AL)

56.   Plaintiff repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 55 above as if fully set forth herein.

57.   The above discrimination and retaliatory actions by Defendant constitutes unlawful discriminatory employment practices under the Nevada Equal Employment Opportunity Act, NRS 613.310 et seq.

58.   As a direct and proximate result of Defendant's discriminatory acts, Ms. Gomez has suffered and shall continue to suffer monetary damages for the loss of income, loss of promotion, mental anguish and violation of her rights unless and until the Court grants relief.

59.   Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 89146

-8-

**FOURTH CAUSE OF ACTION**
**(Public Policy Tort)**

60.  Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 59 as though fully set forth herein.

61.  Defendant has engaged in discriminatory, retaliatory and wrongful acts based on Ms. Gomez' disability and her attempt to protect her rights have seriously harmed Ms. Gomez.  These discriminatory acts based upon an employee invoking her rights against unlawful discrimination violate the public policy of Nevada, which has been in effect for many years.

62.  Defendant like all Nevada employers and employees, have been placed on notice for many years that wrongful conduct which harms an employee could result in the Defendant being subject to damages pursuant to *Sands Regent v. Valgardson,* 777 P. 2d 898 (Nev. 1989).

63.   As a result of Defendant's violation of Nevada's public policy against disability discrimination and retaliatory acts, Ms. Gomez has been harmed and therefore is entitled to recover compensatory damages in an amount in excess of $50,000.00 subject to proof at trial.

64.  Defendant's conduct, which violated the public policy of the state of Nevada, was outrageous and Ms. Gomez is entitled to punitive and exemplary damages.

65.  Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

**FIFTH CAUSE OF ACTION**
**(Respondeat Superior)**

66.  Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 65 as though fully set forth herein.

67.   As employer and supervisor of employees, Defendant is responsible for conduct of its employees during the course of their employment.

68.   Defendant, vicariously through the supervisors and human resources department subjected Ms. Gomez to disparate treatment during her employment with Defendant.

69.   As a result of the Defendants' agents and employees' conduct and based upon the responsibility of Defendant, Ms. Gomez has been damaged by Defendant and has suffered special, compensatory and punitive damages in an amount subject to proof at trial.

70.   Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## SIXTH CAUSE OF ACTION
### (Negligent Hiring, Supervision, and/or Training of Employees)

71.   Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 70 as though fully set forth herein.

72.   Defendant should have known of the propensity of its supervisors to cause emotional and ultimately financial injury to employees and therefore had knowledge of their potentially harmful effect upon employees, particularly employees who are disabled.

73.   Defendant should have been aware that its supervisors had created a situation which placed Ms. Gomez in danger of having her rights violated.  Because of this awareness, Defendant should have taken protective measures to stop its employee's illegal conduct toward Ms. Gomez.

74.   Defendant knew or should have known that the conduct of its agents and employees might result in a violation of employee's rights and Defendant failed to institute sufficiently effective training programs, which might have identified the illegal conduct of its managerial staff and supervisors and prevented further recurrences.

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 89146

75.  As a result of each employees' and agents' conduct and based upon the responsibility of Defendant, Ms. Gomez has suffered damages by Defendant and has suffered special, compensatory and punitive damages in an amount subject to proof at trial.

76.  Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

77.  Plaintiffs replead and reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 76 above as if fully set forth.

78.  The aforementioned conduct of the Defendant was extreme and outrageous and performed with reckless disregard that such actions would cause severe physical and emotional harm to Ms. Gomez, and did in fact cause such harm.

79.  As a direct and proximate result of the Defendant's conduct, Ms. Gomez has suffered damages and she is entitled to recover compensatory damages, exemplary damages and punitive damages related thereto.

80.  As a further direct and proximate result of the Defendant's actions, it has been necessary for Plaintiff to retain the services of Kang & Associates, PLLC., duly licensed attorneys in the State of Nevada, to file this action and the Defendant should be required to pay attorney's fees to Plaintiffs thereof.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays as follows:

1.  For a trial by jury on appropriate issues;

2.  For all employment-related losses subject to proof;

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 89146

3.      For a declaration that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. C Section 2000e, et seq. and the Nevada Equal Employment Opportunity Act, NRS 633.310, et seq.;

4.      For compensatory damages in a sum or value in excess of $50,000.00, exclusive of interest and costs;

5.      For punitive damages against Defendant;

6.      For prejudgment interest;

7.      For reasonable attorney's fees and all costs incurred by Ms. Gomez herein; and

8.      For such other and further relief as the Court shall deem just and proper.


**JURY DEMAND**

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 6th day of October, 2014.


KANG & ASSOCIATES, PLLC.


    /s/ Kyle Tatum
**PATRICK W. KANG, ESQ.**
State Bar No.: 010381
**KYLE R. TATUM, ESQ.**
State Bar No.: 013264
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146
(702) 333.4223
*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 80146

# **EXHIBIT A**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 487-2014-00135 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Carmen Gonzalez De Gomez | (702) 531-6056 | 01-28-1958 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 1432 Arlington Heights, Las Vegas, NV 89110 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BRADY LINEN | 101 - 200 | (702) 642-0914 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 2501 Losee Road,  N Las Vegas, NV 89030 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest          Latest<br>                 08-30-2013<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in August 2011. Along with approximately 12 to 15 other employees on the 3rd shift, we were rotated and alternated between various different duties throughout the store.

I was terminated on August 30, 2013 because of my disability. Respondent was aware of my disability when I was hired, including because I disclosed it on my employment application and because management had inquired regarding my visible disability. I was disciplined and then discharged for not meeting productivity standards. I had previously informed supervisor Jose Bojorquez that I had difficulty performing duties with heavy items such as bed sheets or large towels. Jose completely ignored this and informed me that I had to perform all of the rotating or alternating duties. He said "I don't care about that, you have to do the job because you have to do the job or you will be terminated." He did not take into account how this impacted my productivity.

No other employees on the 3rd shift were terminated because of low productivity even though non-disabled employees may have had low productivity.

I believe that I was discriminated against because of my disability in violation of the American with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>DEC 3 3 2013<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Dec 23, 2013<br>Date          Charging Party Signature | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd., STE 1
LAS VEGAS, NV 89146

# EXHIBIT B

EEOC Form 161 (11/09)

U.S. E(  )L EMPLOYMENT OPPORTUNITY COMMIS(  )N

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Carmen Gonzalez De Gomez**<br>**1432 Arlington Heights**<br>**Las Vegas, NV 89110** | From: **Las Vegas Local Office**<br>**333 Las Vegas Blvd South**<br>**Suite-8112**<br>**Las Vegas, NV 89101** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| ·487-2014-00135 | **Cynthia Wilson,**<br>**Investigator** | **(702) 388-5099** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

JUL 1 6 2014

**Amy  Burkholder,**
**Local Office Director**

*(Date Mailed)*

Enclosures(s)

cc:  **Kamer Zucker Abbott**
**RE: BRADY LINEN**
**3000 West Charleston BLVD**
**Suite 3**
**Las Vegas, Nevada 89102**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd. STE 1
LAS VEGAS, NV 89146

# **EXHIBIT C**

**BRADY**
LINEN SERVICES, LLC

# Record of Discussion / Commendation

| Last Name  GONZALEZ | First Name  CARMEN | MI | Emp #  3712 | Date of incident: |
|---|---|---|---|---|
| | | | | Date Issued                   7/15/13 |
| Job Title  FLAT WORKER | | Department | Hire Date  8/02/2011 | |

**THIS IS A NOTICE OF:**
- ☑ Verbal Warning
- ☐ Written Warning
- ☐ Final Warning

- ☐ Investigative Suspension To Start:
- ☐ Positive Commendation

- ☐ Termination*
  *Status Change Form must accompany this

**CHECK NATURE OF INFRACTION:**
- ☐ Attendance/ Punctuality
- ☑ Job Performance/Policy Violation

Action Recommended by:   JOSE BOJORQUEZ

**DESCRIBE IN DETAIL THE REASON FOR THIS DISCIPLINARY ACTION/POSITIVE COMMENDATI**

According to the PPS system, employee is not meeting the standards required during the month of ___ JULY WITH  65 %

**CHANGE EXPECTED:** (Outline specific performance expectations and consequences if not achieved)

Employee must make an effort to meet the required standards.

**DISCUSSION FOLLOW-UP DATE:**
**EMPLOYEE ACTION PLAN/COMMENTS:**
   EMPLOYEE MUST MAKE AN EFFORT TO MEET REQUIRED STANDARDS

**TO THE EMPLOYEE:**
(if corrective action)  You are given this notice in order that you may have an opportunity to correct any further repetition of the incident noted.  If you fail to correct your actions as above listed or engage in any other violation of the established house rules and conduct, you will subject yourself to further disciplinary action including up to and discharge.  Your signature below represents an acknowledgement of review and receipt of this notice, but does not constitute an admission of guilt.

I Acknowledge Receipt of This Co|  _Carmen S de Gomez_                      7 / 20 / 13
                                            (Employee Signature)                    Date

_Boli Bojom_        7.19.13        _____
(Prepared By)          Date              (Dept. Head)              Date

_____
(Human Resources Director)       Date

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd. STE 1
LAS VEGAS, NV 89146

# **EXHIBIT D**

# BRADY
## LINEN SERVICES, LLC

### Record of Discussion / Commendation

| | | | | Date of incident: |
|---|---|---|---|---|
| **Last Name** | **First Name** | **MI** | **Emp #** | **Date Issued** |
| GONZALEZ | CARMEN | | 3712 | 7/30/13 |
| **Job Title** | | | **Department** | **Hire Date** |
| FLAT   WORKER | | | | 8/2/2011 |

**THIS IS A NOTICE OF:**
- ☐ Verbal Warning
- ☑ Written Warning
- ☐ Final Warning

- ☐ Investigative Suspension To Start:
- ☐ Positive Commendation

- ☐ Termination*
  *Status Change Form must accompany this

**CHECK NATURE OF INFRACTION:**
- ☐ Attendance/ Punctuality
- ☑ Job Performance/Policy Violation

Action Recommended by:   JOSE  BOJORQUEZ

**DESCRIBE IN DETAIL THE REASON FOR THIS DISCIPLINARY ACTION/POSITIVE COMMENDATI**

According to the PPS system, employee is not meeting the standards required during the month of   JULY  WITH  71%

**CHANGE EXPECTED:** (Outline specific performance expectations and consequences if not achieved)

Employee must make an effort to meet the required standards.

**DISCUSSION FOLLOW-UP DATE:**

**EMPLOYEE ACTION PLAN/COMMENTS:**

**TO THE EMPLOYEE:**

(if corrective action)  You are given this notice in order that you may have an opportunity to correct any further repetition of the incident noted.  If you fail to correct your actions as above listed or engage in any other violation of the established house rules and conduct, you will subject yourself to further disciplinary action including up to and discharge.  Your signature below represents an acknowledgement of review and receipt of this notice, but does not constitute an admission of guilt.

I Acknowledge Receipt of This Co|

_____     _____
(Employee Signature)                                   Date

_____     _____
(Prepared By)            8•8•13         Date          (Dept. Head)            Date

_____
(Human Resources Director)           Date

KANG & ASSOCIATES, PLLC.
6480 W. Spring Mountain Rd. STE 1
LAS VEGAS, NV 89146

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# <u>EXHIBIT E</u>

# Record of Discussion / Commendation

**BRADY**
LINEN SERVICES, LLC

| Last Name | First Name | MI | Emp # | Date of incident: |
|---|---|---|---|---|
| GONZALEZ | CARMEN | | 3712 | Date Issued |
| | | | | 8/12/2013 |
| Job Title | | | Department | Hire Date |
| FLAT WORKER | | | | 8/2/2011 |

**THIS IS A NOTICE OF:**
- [ ] Verbal Warning
- [ ] Written Warning
- [x] Final Warning
- [ ] Investigative Suspension To Start:
- [ ] Positive Commendation
- [ ] Termination*
  *Status Change Form must accompany this

**CHECK NATURE OF INFRACTION:**
- [ ] Attendance/ Punctuality
- [x] Job Performance/Policy Violation

Action Recommended by:   JOSE   BOJORQUEZ

**DESCRIBE IN DETAIL THE REASON FOR THIS DISCIPLINARY ACTION/POSITIVE COMMENDATI**

According to the PPS system, employee is not meeting the standards required during the month of ____AUGUST /12/2013  WITH  67%

**CHANGE EXPECTED:** (Outline specific performance expectations and consequences if not achieved)

Employee must make an effort to meet the required standards.

**DISCUSSION FOLLOW-UP DATE:**
**EMPLOYEE ACTION PLAN/COMMENTS:**

**TO THE EMPLOYEE:**

(if corrective action)  You are given this notice in order that you may have an opportunity to correct any further repetition of the incident noted.  If you fail to correct your actions as above listed or engage in any other violation of the established house rules and conduct, you will subject yourself to further disciplinary action including up to and discharge.  Your signature below represents an acknowledgement of review and receipt of this notice, but does not constitute an admission of guilt.

I Acknowledge Receipt of This Copy

_____
(Employee Signature)                          Date

_Paul Bant_ 8-20-13
(Prepared By)                          Date

_____
(Dept. Head)                          Date

_____
(Human Resources Director)          Date

SE  REUSO  A  FIRMAR          Estela G. Salcedo.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**KANG & ASSOCIATES, PLLC.**
6480 W. Spring Mountain Rd. STE 1
LAS VEGAS, NV 89146

# EXHIBIT F



**Record of Discussion / Commendation**

LINEN SERVICES, LLC

|  |  |  | Date of incident: |
|---|---|---|---|
| Last Name<br>GONZALEZ | First Name **MI**<br>CARMEN | Emp #<br>3712 | Date Issued<br>8/30/2013 |
| Job Title<br>FLAT  WORKER |  | Department | Hire Date<br>8/2/2011 |

**THIS IS A NOTICE OF:**
- ☐ Verbal Warning
- ☐ Written Warning
- ☐ Final Warning

- ☐ Investigative Suspension To Start:
- ☐ Positive Commendation

- ☑ Termination*
  *Status Change Form must accompany this

**CHECK NATURE OF INFRACTION:**
- ☐ Attendance/ Punctuality
- ☑ Job Performance/Policy Violation

Action Recommended by: _____

**DESCRIBE IN DETAIL THE REASON FOR THIS DISCIPLINARY ACTION/POSITIVE COMMENDATI**
According to the PPS system, employee is not meeting the standard.  Carmen Gonzalez is reciving  termination for continuing low production after reciving  verval. Written  and  a final warning on  the  matter _____

**CHANGE EXPECTED:** (Outline specific performance expectations and consequences if not achieved)
Employee must make an effort to meet the required standards.

**DISCUSSION FOLLOW-UP DATE:**
**EMPLOYEE ACTION PLAN/COMMENTS:**

**TO THE EMPLOYEE:**
(if corrective action) You are given this notice in order that you may have an opportunity to correct any further repetition of the incident noted.  If you fail to correct your actions as above listed or engage in any other violation of the established house rules and conduct, you will subject yourself to further disciplinary action including up to and discharge.  Your signature below represents an acknowledgement of review and receipt of this notice, but does not constitute an admission of guilt.

I Acknowledge Receipt of This Co|

| _(Employee Signature)_  8. 30 .13 | Date |
|---|---|
| _(Prepared By)_              Date | _(Dept. Head)_          Date |
| _(Human Resources Director)_   Date | ⅄Estela G. Salcedo   08-30-13 |



## EMPLOYEE STATUS FORM
### COMPLETE THIS SECTION FOR ALL TRANSACTIONS

| EFFECTIVE DATE OF ACTION | CHECK ACTION REQUIRED |
|---|---|
| 8/30/2013 | ☐ NEW HIRE  ☐ REHIRE  ☐ TRANSFER  ☐ SALARY CHANGE  ☒ SEPARATION  ☐ OTHER _____ |

| EMPLOYEE NAME (LAST, FIRST) | EMPLOYEE # | DATE OF HIRE |
|---|---|---|
| GONZALEZ     CARMEN | 3712 | 8/2/2011 |

### COMPLETE ALL SECTIONS BELOW THAT APPLY

| NEW HIRE OR REHIRE (per policy) | POSITION/TITLE | LOCATION/DEPT |
|---|---|---|
| | RATE $ _____  ☐ HOURLY  ☐ SALARY     ☐ EXEMPT  ☐ NON EXEMPT     ☐ FULL-TIME  ☐ PART-TIME  ☐ OTHER _____ | SUPERVISOR |

| | FROM | | TO | |
|---|---|---|---|---|
| TRANSFER, SALARY, OR OTHER | LOCATION/DEPT | | LOCATION/DEPT | |
| | POSITION/TITLE | | POSITION/TITLE | |
| | RATE $ _____  ☐ HOURLY  ☐ SALARY | ☐ EXEMPT  ☐ NON EXEMPT | ☐ FULL-TIME  ☐ PART-TIME  ☐ OTHER _____ | RATE $ _____  ☐ HOURLY  ☐ SALARY     ☐ EXEMPT  ☐ NON EXEMPT     ☐ FULL-TIME  ☐ PART-TIME  ☐ OTHER _____ |
| | REASON FOR CHANGE | | | |

| SEPARATION | POSITION/TITLE  FLAT WORKER | LOCATION/DEPT  LOSEE ( O C ) |
|---|---|---|
| | **VOLUNTARY**  ☐ NO REASON GIVEN  ☐ RELOCATED  ☐ PERSONAL REASONS  ☐ JOB ABANDONMENT  ☐ SEEK/ACCEPT OTHER EMPLOYMENT  ☐ JOB DISSATISFACTION  ☐ RETIRED  ☐ COMPETITOR  ☐ OTHER | |
| | **INVOLUNTARY**  ☐ VIOLATION OF COMPANY RULE OR POLICY  ☐ EXCESSIVE ABSENTEEISM/TARDINESS  ☒ UNSATISFACTORY JOB PERFORMANCE  ☐ DECEASED  ☐ LAYOFF(Reorganization)  ☐ OTHER | |
| | LAST DAY WORKED  Aug 30, 2013 | EFFECTIVE DATE OF SEPARATION  Aug 30, 2013 | CURRENT WORK HOURS  PTO/VACATION HOURS |

INSTRUCTIONS FOR FINAL PAY CHECK: _____

COMMENTS: _____

SUPERVISORS NAME: JOSE BOJORQUEZ          SUPERVISORS APPROVAL: *[signature]*          DATE: 8-30-13

HUMAN RESOURCES NAME: _____     HUMAN RESOURCES SIGNATURE: _____     DATE: _____

EMPLOYEES SIGNATURE: _____     DATE: _____

COO/MANAGERS APPROVAL: _____     DATE: _____

All approvals must be attained before presenting to employees

08-30-13

✗ *Estela G Salcedo*